IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA RAMOS, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| City Colleges of Chicago, | |
| Defendant(s). | |

Plaintiff Patricia Ramos (Plaintiff), by and through her attorneys at Avila Law, as and for Plaintiff's Complaint and Jury Demand in this action against Defendant City Colleges of Chicago, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action against Defendant City Colleges of Chicago under the Americans with Disabilities Act of 1990 as amended (ADA), 42 U.S.C. § 12101 et seq., as well as state anti-discrimination laws, and Tittle VI for its unlawful employment practices against Plaintiff based on her disability and protected activity. This action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the ADA.

2. Defendant violated the ADA in two ways. First, it discriminated against Plaintiff by failing to accommodate her diagnosed physical and mental disabilities. Second, it retaliated against Plaintiff by scrutinizing and harassing her through reprimand and verbal abuse because Plaintiff engaged in activity the ADA protects when she requested reasonable accommodation for her disability.

1

3. Specifically, Plaintiff requested telework on an as-needed basis to accommodate her disc Degeneration, Depression, Anxiety, and Gastrointestinal Dysfunction based on the recommendation of her treating physician(s). Defendant refused to provide such reasonable accommodation. Further, Defendant was isolated, denied career-improvement opportunities, stalked, verbally abused, excessively micromanaged, harassed, bullied, threated. In retaliation for Plaintiff's request for accommodations and engagement in other protected activity. Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

4. Plaintiff is a current employee of Defendant. Defendant employed Plaintiff as a college advisor from December 13, 2010. Plaintiff is a resident of Illinois. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

5. Defendant City Colleges of Chicago is an Illinois Community College with a District Office located at 180 N. Wabash, Chicago, IL 60601 and campus location where the Defendant is employed located at 6301S. Halsted Street, Chicago, IL 60621.

6. Defendant had 15 or more employees throughout the relevant time period.

7. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

This action is authorized and instituted pursuant to the ADA as amended, 42 U.S.C. §§ 12101 et seq.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PROCEDURAL REQUIREMENTS

10. Any and all other prerequisites to the filing of this suit have been met and are consistent with the right to sue letter issued to Plaintiff.

## FACTUAL ALLEGATIONS
### Plaintiff's Disability

11. Plaintiff has suffered from 2/2022 to the present from her disabilities.

12. Plaintiff's Disc Degeneration, Gastrointestinal Dysfunction, Depression, and Anxiety substantially limit her major life activities when flare-ups occur by preventing her the use of movement from the waist down. At times her back pains that come with her condition are to the point where she is in pain sitting or standing and needs to be in a semi fowler position.

13. Plaintiff's Gastrointestinal Dysfunction as she has severe fatigue, severe joint fatigue, vision impairment, and abdominal pain.

14. Plaintiff's Depression, and Anxiety substantially limits her major life activities when flare-ups occurred by preventing her to interact in-person and difficulty concentrating.

### Plaintiff's Background and Job Qualifications

3

15. When Plaintiff joined Defendant in 2010, she brought more than 2 years of experience in college counseling.

## **Plaintiff's Employment with Defendant**

16. Plaintiff is a current employee of Defendant. Defendant hired Plaintiff on or around December 13, 2012 in the position of College Advisor.

17. As a College Advisor Plaintiff was responsible for advising students on class selections, monitoring students' progress to completion, maintaining students' files, participating in professional activities.

18. Plaintiff's job performance was always good until she raised complaints of the discrimination she experienced.

19. At all times relevant hereto, Plaintiff was qualified for her position as a counselor with Defendant.

## **Defendant's Failure to Accommodate Plaintiff**

20. Plaintiff's disability impacts Plaintiff's major life activities.

21. The accommodation that Plaintiff's treating physician recommended would enable Plaintiff to perform the essential duties of her position as a college counselor.

22. After Plaintiff met with her doctor, she asked EEO Office Emily Chu if the Defendant would implement Telework on an as-needed basis, and stand up sit down desk, and a seat cushion

23. In response to Plaintiff's request for an accommodation, Emily Chu approved the sit down stand up desk and the seat cushion, but denied the telework on an as-needed bases was not an accommodation they could accommodate.

24. Plaintiff engaged in activity that the ADA protects from retaliation.

25. Defendant was aware of Plaintiff's protected conduct.

26. Defendant took adverse action against Plaintiff. Such as denying her accommodations and hindering job advancement.

27. Defendant took these adverse actions in retaliation for Plaintiff's protected activity

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 12112
### (Discrimination under the Americans with Disabilities Act / Failure to Accommodate)

28. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

29. At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because she was actually impaired as described in 42 U.S.C. § 12102(1)(A).

30. Plaintiff requested reasonable accommodations. Specifically, her doctor recommended and she requested telework on an as needed basis.

31. At all relevant times, Plaintiff was qualified to perform the essential duties of the College Advisor position with the requested reasonable accommodation.

32. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

33. All the accommodations that Plaintiff requested were reasonable.

34. None of the accommodations that Plaintiff requested would have created undue hardship for Defendant.

35. Defendant failed to communicate with Plaintiff meaningfully and in good faith concerning her disability and requested accommodations.

36. Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate her disability.

37. Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

38. Defendant is liable for the acts and omissions of its agents and employees.

39. Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate her disability.

40. Defendant's failure to accommodate Plaintiff's disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

41. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for her disability.

**SECOND CLAIM FOR RELIEF**

## 42 U.S.C. § 12203

## (Retaliation under the Americans with Disabilities Act)

42. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

43. Plaintiff engaged in protected activity when she asked Defendant for reasonable accommodations for her disability for telework- on an as needed basis.

44. Plaintiff engaged in protected activity when she opposed Defendant's refusal to accommodate her disability and its retaliation against her for her protected activity. Complaining of National Origin, Retaliation, and Gender discrimination.

45. As a direct result of Plaintiff's request for reasonable accommodation and opposition to conduct prohibited by the ADA, Defendant retaliated against Plaintiff.

46. Defendant treated Plaintiff less favorably than her similarly situated counterparts who did not engage in protected activity.

47. Defendant intimidated, threatened, and/or interfered] with Plaintiff in the exercise and enjoyment of her rights under the ADA.

48. Defendant is liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through its agents, retaliated against Plaintiff and caused her injuries, damages, and losses.

49. Defendant's retaliatory conduct was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

50. Defendant's conduct was with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

## THIRD CLAIM FOR RELIEF
## TITTLE VII
## Race and National Origin Discrimination

51. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff was an "employee", and Defendant was an "employer".

53. Plaintiff is latino. Non-latino employers did not face discrimination.

54. Non-latino employees were granted accommodations and did not experience a hostile work environment.

55. As stated above, Defendant discriminated against Plaintiff because of her Race by treating her less favorably than other employees.

56. Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor and against Defendant, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on all claims allowed by law;

(d) Punitive damages on all claims allowed by law in an amount to be determined at trial;

(e) Pre- and post-judgment interest at the lawful rate; and

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: May 30th, 2024                                Respectfully filed,

By: *Electronic Signature of Frank Avila*
On behalf of the Plaintiff

Frank Avila
Attorney and Counselor at Law
Attorney for the Plaintiff
Illinois ARDC No. 6273730
Cook County ID No. 45783
7132 North Harlem Avenue Suite # 107
Chicago, Illinois 60631
Telephone: 773-671-3480
E-mail: FrankAvilaLaw@Gmail.com