UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.2)
Eastern Division

Ramos Patricia
              Plaintiff,

v.                                                Case No.: 1:24−cv−04491
                                                  Honorable Sunil R. Harjani

City Colleges of Chicago
              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, February 5, 2025:

MINUTE entry before the Honorable Sunil R. Harjani: Defendant's motion to dismiss is granted [15] but leave to amend the Complaint is also granted to Plaintiff. It is undisputed that Plaintiff filed the current action more than 90 days after receiving two different right to sue notices from the EEOC. A plaintiff has ninety days from receipt of a right to sue letter from the EEOC to file a Title VII or ADA claim. Houston v. Sidley & Austin, 185 F.3d 837, 83839 (7th Cir. 1999) ("Under the ADA [and] Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue."). So, her claims are time−barred, but Plaintiff contends that she sought review as well from the IDHR and received a IDHR right to sue letter on March 6, 2024, which she contends allows this Complaint to proceed as timely given that the filing window stated in that IDHR letter closed on May 30, 2024. But the IDHR window was for state law claims, and it is well−established that the IDHR letter does not toll the time for filing federal claims, which in this case are Title VII and ADA claims. See Sanchez v. BCTGMI, 2021 WL 1853305, at * 4 (N.D. Ill. May 10, 2021); Perkins v. Fed. Home Loan Bank of Chicago, 2019 WL 4958237 at *3 (N.D. Ill. Oct. 8, 2019). Under certain circumstances, however, equitable tolling may allow a plaintiff to proceed on a time−barred claim. Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch., 167 F.3d 1170, 1174 (7th Cir. 1999). Plaintiff does not address equitable tolling, but instead asks the Court for leave to amend to provide more information to the Court in an amended complaint as to another, more recent right to sue letter. Given that amendment is not futile, and the Court needs more information as to equitable tolling and the recent right to sue letter, Plaintiff is granted leave to file an amended complaint to include additional information on exhaustion of remedies by 2/21/25. The Court also notes that, upon review of the current EEOC charge allegations, they quite clearly relate only to ADA claims and are not reasonably like or related to any Title VII claims; there is absolutely nothing in the EEOC charges that could suggest a race or national origin claim. But it is certainly possible that this new charge could cure this issue. If Plaintiff's counsel can amend the complaint consistent with his Rule 11 obligations, he should do so by 2/21/25. Tracking status set for 3/20/25 at 9:15 a.m. by telephone. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.